Sheehan & Associates, P.C.
Spencer Sheehan
spencer@spencersheehan.com
(516) 303-0552

United States District Court
Eastern District of New York                    1:19-cv-01634

| | |
|---|---|
| Gil Rosenberg individually and on behalf of all others similarly situated | |
| Plaintiff | |
| - against - | Complaint |
| Bareburger Group LLC | |
| Defendant | |

Plaintiff by attorneys alleges upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.     Bareburger Group LLC ("defendant") processes, co-mingles, transforms, labels, advertises and sells prepared meals ("Products") at its Bareburger restaurants.

2.     The Products include burgers (meat and vegetable), chicken and fried potatoes, represented as "Organic" at defendant's restaurants.

3.     The Products are available to consumers at no fewer than forty-seven (47) restaurants operated, franchised, controlled and managed by defendant in states including New Jersey, Connecticut, Ohio, New York, California and Florida.

4.     Organic sales in 2017 reached a record $49.4 billion, an increase of 6.4% from the prior year, according to the Organic Trade Association.[1]

5.     Restaurants recognize that organic foods appeal to a wide customer base, because it describes the substantive qualities of the food and that it has been handled and produced using

1

organic methods.

6.      Consumers value organic food for numerous reasons – less exposure to harmful pesticides, disease avoidance, promotion and enhancement of health through consumption of foods not grown or processed with artificial chemicals, and promoting sustainable environmental practices.

7.      The Products and Restaurants are represented as "Organic" through the prominent placement of "Organic" (i) next to the brand name, (ii) on store fronts, store boards, signage and awnings, (iii) as a descriptor to its burgers, salads, etc., (iv) menu sections, (v) digital and non-digital marketing.

 

 

8.    Defendant is aware of the importance of labeling its Products "Organic" – stating that "It's better for you."



9.      However, recent reports have cast doubt on defendant's organic bona fides.[2]

10.     For example, during the relevant period, defendant has described their beef patties as "organic grass-fed burgers" that were made of a proprietary "organic blend."[3]

11.     Beef packages being delivered to the Restaurants lacked the conspicuous "certified organic" seal of the United States Department of Agriculture, according to the NY Times.

12.     Defendant's executives confirmed that approximately 75 to 80 percent of the burgers were organic, not 100 percent, contrary to the labels.

13.     Defendant's "Organic" restaurants have countless non-organic ingredients including lamb and bison and mayonnaise and tomatoes – crucial condiments when it comes to dressing up a purportedly organic burger.

14.     The independent food watchdog group the Cornucopia Institute explained what reasonable consumers expect when "a restaurant uses the term 'organic' in their name, signage, or marketing materials," – the impression that the organic ingredients represent a greater amount of the food than they actually are."[4]

15.     It is misleading to use the term "Organic" as a part of, or in connection with, the brand name, because reasonable consumers will conclude all of the foods are "organic."

16.     An organic restaurant is not prohibited by law.

17.     Defendant deliberately promoted and continues to promote its non-organic menu options in a deceptive way to obtain the premium prices consumers are willing to pay, based on the fact that *some* of the menu items are actually organic.

---

[2] https://www.organicauthority.com/buzz-news/bareburger-misuses-organic-labeling-says-new-york-times
[3] Priya Krishna, When the Menu Says 'Organic,' but Not All the Food Is, NY Times, August 15, 2018.
[4] "Restaurants Frequently Misrepresent What's Organic," January 14th, 2019.

18.     Defendant has not taken adequate steps to maintain the integrity of the ingredients and prevent co-mingling between ingredients which are organic and non-organic, such as physical barriers between bins and containers for storage of ingredients, separate shelves and stacking areas and sufficient spacing.

19.     Defendant's menus fail to adequately identify those foods which are organic, and with these inconsistent representations, the reasonable consumer falls back on the "Organic" claims on, in and around the restaurant, in conjunction with the brand name.

20.     Defendant does not limit its claims of organic foods to the actual organic ingredients.

21.     Consumers lack the ability to test or independently ascertain the accuracy of a food label, especially at the point of sale.

22.     Reasonable consumers rely on the company to truthfully disclose the organic status of the foods it sells, because consumers are unable to look behind the curtain.

23.     Consumers were deceived into believing that the Products of defendant were all organic and would not know the true nature of the ingredients merely by reading the description.

24.     The Products contain other representations which are misleading and deceptive.

25.     As a result of its false and misleading labeling, defendant was able to sell its foods to hundreds of thousands of consumers throughout the United States and to realize large profits.

26.     Excluding tax, a standard beef burger and fries cost no less than $16.99, a premium price compared to other similar products and products which are represented in a non-misleading way as being organic.

<u>Jurisdiction and Venue</u>

27.     Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

28.   Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

29.   This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

30.   Venue is proper because plaintiff and many class members reside in this District and defendant does business in this District and State.

31.   A substantial part of events and omissions giving rise to the claims occurred in this District.

<div align="center">Parties</div>

32.   Plaintiff is a citizen of Queens County, New York.

33.   John and Jane Doe plaintiffs are citizens of the other 49 states.

34.   Defendant is a New York limited liability company and upon information and belief, at least one member is not a citizen of New York.

35.   During the class period, plaintiff purchased one or more Products for personal consumption with the representations described herein, for no less than the price indicated, *supra*, excluding tax, within this district and/or state.

36.   Plaintiff paid this premium because prior to purchase, plaintiffs saw and relied on the misleading representations.

37.   Plaintiff would consider purchasing the Products again if there were assurances that the Products' representations were no longer misleading.

<div align="center">Class Allegations</div>

38.   The classes consist of all consumers in the following states:  all, New York who

<div align="center">6</div>

purchased any Products subject to the actionable representations during the statutes of limitation.

39.    A class action is superior to other methods for fair and efficient adjudication.

40.    The class is so numerous that joinder of all members, even if permitted, is impracticable, as there are likely hundreds of thousands of members.

41.    Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if plaintiff(s) and class members are entitled to damages.

42.    Plaintiff(s) claims and the basis for relief are typical to other members because all were subjected to the same representations.

43.    Plaintiff(s) is/are an adequate representative because his/her/their interests do not conflict with other members.

44.    No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

45.    Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

46.    Plaintiff(s) counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

47.    Plaintiff(s) seeks class-wide injunctive relief because the practices continue.

<u>New York General Business Law ("GBL") §§ 349 & 350</u>
<u>and Consumer Protection Statutes of Other States and Territories</u>

48.    Plaintiff and John and Jane Doe plaintiffs, representing the forty-nine (49) other states where they reside and purchased the Products, incorporate by reference all preceding paragraphs and assert causes of action under the consumer protection statutes of all fifty (50) states.

a. Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1, *et. seq.*;

b. Alaska Unfair Trade Practices and Consumer Protection Act, Ak. Code § 45.50.471, *et. seq.*;

c. Arkansas Deceptive Trade Practices Act, Ark. Code § 4-88-101, *et. seq.*;

d. California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.* and  Unfair Competition Law, Cal. Bus. Prof. Code §§ 17200- 17210 *et. seq.*;

e. Colorado Consumer Protection Act, Colo Rev. Stat § 6-1-101, *et. seq.*;

f. Connecticut Unfair Trade Practices Act, Conn. Gen Stat § 42-110a, *et. seq.*;

g. Delaware Deceptive Trade Practices Act, 6 Del. Code § 2511, *et. seq.*;

h. District of Columbia Consumer Protection Procedures Act, D.C. Code §§ 28-3901, *et. seq.*;

i. Florida Deceptive and Unfair Trade Practices, Act *Florida Statutes*§ 501.201, *et. seq.*;

j. Georgia Fair Business Practices Act, §10-1-390 *et. seq.*;

k. Hawaii Unfair and Deceptive Practices Act, Hawaii Revised Statutes § 480 1, *et. seq.* and Hawaii Uniform Deceptive Trade Practices Act, Hawaii Revised Statute § 481A-1, *et. seq.*;

l. Idaho Consumer Protection Act, Idaho Code § 48-601, *et. seq.*;

m. Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1, *et. seq.*;

n. Kansas Consumer Protection Act, Kan. Stat. Ann §§ 50 626, *et. seq.*;

o. Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. §§ 367.110, *et. seq.*, and the Kentucky Unfair Trade Practices Act, Ky. Rev. Stat. Ann § 365.020, *et. seq.*;

p. Louisiana Unfair Trade Practices and Consumer Protection Law, La. Rev. Stat. Ann. §§ 51:1401, *et. seq.*;

q. Maine Unfair Trade Practices Act, 5 Me. Rev. Stat. § 205A, *et. seq.*, and Maine Uniform

Deceptive Trade Practices Act, Me. Rev. Stat. Ann. 10, § 1211, *et. seq.*;

r.  Massachusetts Unfair and Deceptive Practices Act, Mass. Gen Laws ch. 93A;

s.  Michigan Consumer Protection Act, §§ 445.901, *et. seq.*;

t.  Minnesota Prevention of Consumer Fraud Act, Minn. Stat §§ 325F.68, *et. seq.*; and Minnesota Uniform Deceptive Trade Practices Act, Minn Stat. § 325D.43, *et. seq.*;

u.  Mississippi Consumer Protection Act, Miss. Code An. §§ 75-24-1, *et. seq.*;

v.  Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, *et. seq.*;

w.  Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code § 30-14-101, *et. seq.*;

x.  Nebraska Consumer Protection Act, neb. Rev. Stat. § 59 1601 *et. seq.*, and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301, *et. seq.*;

y.  Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §§ 598.0903, *et. seq.*;

z.  New Hampshire Consumer Protection Act, N.H. Rev. Stat. § 358-A:1, *et. seq.*;

aa. New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8 1, *et. seq.*;

bb. New Mexico Unfair Practices Act, N.M. Sta. Ann. §§ 57 12 1, *et. seq.*;

cc. North Dakota Consumer Fraud Act, N.D. Cent. Code §§ 51 15 01, *et. seq.*;

dd. Ohio Rev. Code Ann. §§ 1345.02 and 1345.03; Ohio Admin. Code §§ 109;

ee. Oklahoma Consumer Protection Act, Okla. Stat. 15 § 751, *et. seq.*;

ff.  Oregon Unfair Trade Practices Act, Ore. Rev. Stat. § 646.608(e) & (g);

gg. Rhode Island Unfair Trade Practices and Consumer Protection Act, R.I. Gen. Laws § 6-13.1-1 *et. seq.*;

hh. South Carolina Unfair Trade Practices Act, S.C. Code Law § 39-5-10, *et. seq.*;

9

ii.   South Dakota's Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§ 37 24 1, *et. seq.*;

jj.   Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et. seq.*;

kk.   Vermont Consumer Fraud Act, Vt. Stat. Ann. Tit. 9, § 2451, *et. seq.*;

ll.   Washington Consumer Fraud Act, Wash. Rev. Code § 19.86/0101, *et. seq.*;

mm.   West Virginia Consumer Credit and Protection Act, West Virginia Code § 46A-6-101, *et. seq.*;

nn.   Wisconsin Deceptive Trade Practices Act, Wis. Stat. §§ 100.18, *et. seq.*

49.   Defendants' representations and omissions are false, unfair, deceptive and misleading and are not unique to the parties and have a broader impact on the public.

50.   Defendants' acts, practices, advertising, labeling, packaging, representations and omissions are not unique to the parties and have a broader impact on the public.

51.   Plaintiff desired to purchase products which were as described by defendant and expected by reasonable consumers, given the product type.

52.   The representations and omissions were relied on by plaintiff and class members, who paid more than they would have, causing damages.

<u>Negligent Misrepresentation</u>

53.   Plaintiff incorporates by references all preceding paragraphs.

54.   Defendant misrepresented the substantive, health, quality and nutritional attributes of the Products' composition.

55.   Defendant had a duty to disclose and/or provide non-deceptive labeling of the Products and knew or should have known same were false or misleading.

10

56.    This duty is based on defendant's purported position as a self-designated learned intermediary and an entity which has held itself out as having special knowledge in the production, service and sale of the product type.

57.    Defendant negligently misrepresented and/or negligently omitted material facts.

58.    Plaintiff reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Products.

59.    Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, thereby suffering damages.

<u>Breach of Express Warranty and Implied Warranty of Merchantability</u>

60.    Plaintiff incorporates by references all preceding paragraphs.

61.    Defendant transforms raw ingredients into finished foods for service to customers seeking organic fare.

62.    The Products warranted to plaintiff and class members that they possessed substantive, functional, nutritional, organoleptic, sensory, physical and other attributes which they did not.

63.    Defendant warranted such attributes to plaintiff and class members, when this was not truthful and was misleading.

64.    The Products did not conform to their affirmations of fact and promises, wholly due to defendant's actions.

65.    The Products were not merchantable in their final sale form.

66.    Plaintiff and class members relied on defendant's claims, paying more than they would have.

Fraud

67.   Plaintiff incorporates by references all preceding paragraphs.

68.   Defendant's purpose was to mislead consumers who seek products which have an organic composition that is entirely organic – not, i.e., 50% or 75% organic.

69.   Defendant's intent was to secure economic advantage in the marketplace against competitors.

70.   Plaintiff and class members observed and relied on defendant's claims, causing them to pay more than they would have, entitling them to damages.

Unjust Enrichment

71.   Plaintiff incorporates by references all preceding paragraphs.

72.   Defendant obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

   **WHEREFORE,** plaintiff prays for judgment:

1.   Declaring this a proper class action, certifying plaintiff(s) as representative and the undersigned as counsel for the class;

2.   Entering preliminary and permanent injunctive relief by directing defendant to correct such practices to comply with the law;

3.   Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law, GBL and other statutory claims;

12

4.  Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

5.  Such other and further relief as the Court deems just and proper.

Dated:   March 22, 2019

<div style="margin-left: 50%;">

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan (SS-8533)
505 Northern Blvd., Suite 311
Great Neck, NY 11021
(516) 303-0552
spencer@spencersheehan.com


Joshua Levin-Epstein
New York, NY 10119

</div>

13

1:19-cv-01634
United States District Court
Eastern District of New York

Gil Rosenberg individually and on behalf of all others similarly situated

Plaintiff

- against -

Bareburger Group LLC

Defendants

## Complaint

Sheehan & Associates, P.C.
505 Northern Blvd., #311
Great Neck, NY 11021
Tel: (516) 303-0052
Fax: (516) 234-7800

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  March 22, 2019

/s/ Spencer Sheehan
Spencer Sheehan